UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-407-JBC

FREDERICK D. JONES, SR.                                                                    PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

ROBERT BISHOP, ET AL.
                                                                                          DEFENDANTS

Currently before the Court is a submission which Frederick D. Jones, Sr., the *pro se* plaintiff, has filed entitled "Show Cause for Reconsideration of Order entered on February 2, 2006" [Record No. 13].

PROCEDURAL HISTORY

This pro se plaintiff, who is confined in the Lee Adjustment Center ("LAC") in Beattyville, Kentucky, claims that the defendants, all of whom are officials of the LAC, violated his constitutional rights.[1] The matter is now before the court on the plaintiff's motion for the court to reconsider its order dismissing the action.

The plaintiff's motion is essentially a motion under Fed. R. Civ. P. 59(e). The plaintiff essentially reargues the allegations of his initial complaint. He attached to the

---

[1] First, the plaintiff claimed that the conditions of his confinement violated the Eighth Amendment of the United States Constitution. Second, he alleged that the defendants conspired to deny him of his right to due process of law in connection with numerous disciplinary proceedings instituted against him. Third, he alleged that the defendants singled him out for disciplinary sanctions on the basis of his African-American race, violating his right to equal protection of law, in violation of the Fourteenth Amendment of the United States Constitution. Fourth, he claimed that because he sued LAC prison officials in Lee Circuit Court, they retaliated against him by placing him in segregation, thus violating his First Amendment right of access to court.

motion two items: (1) his February 8, 2005 Disciplinary Report Form ("DRF"), in which Lt. Mike Bowling convicted the plaintiff of possessing contraband (an alcoholic beverage) and ordered the plaintiff to serve 45 days in administrative segregation,[2] and (2) a letter dated December 9, 2005, to the plaintiff from the Kentucky Department of Corrections ("KDOC"). In that letter, the KDOC advised the plaintiff that in accordance with its Policy and Procedure 15.6, Adjustment Committee findings could not be appealed beyond the level of Institutional Warden.

For the following reasons, the court will deny the plaintiff's construed Rule 59(e) motion.

## DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend a judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The plaintiff has not satisfied the criteria under Rule 59(e) and the motion must

---

[2] The DRF reflects that on February 14, 2005, LAC Warden Randall Stovall upheld the sanction.

be denied. First, the plaintiff only reiterates in his current motion the same claims and allegations which he asserted in his complaint and amended complaint. Neither of the documents he has attached to his motion causes the court to alter or amend its conclusions discussed in the Opinion and Order: that as long as there was "some evidence" to support the prison disciplinary conviction, it cannot be disturbed on appeal. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Second, as the court discussed in the Opinion and Order, the plaintiff did not suffer the loss of good-time credits or any other action affecting the duration of his sentence. Accordingly, he was not denied due process of law in violation of the Fourteenth Amendment. His punishment, confinement in disciplinary segregation, simply did not impose an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1985).

Third, the court concluded that the plaintiff completely failed to administratively exhaust his other two claims, relating to the conditions of his confinement in segregation (Eighth Amendment "cruel and unusual punishment" claim) and his claim that he was being singled out and disciplined on the basis of his African-American race (Fourteenth Amendment "equal protection" claim). For these reasons, the court will deny the plaintiff's motion for reconsideration.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the plaintiff's submission entitled "Show Cause for Reconsideration of Order entered on February 2, 2006" [Record No. 13], construed as a motion to Alter or Amend under Fed.R.Civ.P. 59(e), is **DENIED**.

Signed on February 16, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY